**COPY**

1   LATHAM & WATKINS LLP
2      Miles N. Ruthberg (SBN 086742)
       *miles.ruthberg@lw.com*
3      Robert W. Perrin (SBN 194485)
       *robert.perrin@lw.com*
4      Brian T. Glennon (SBN 211012)
       *brian.glennon@lw.com*
5      James H. Moon (SBN 286215)
       *james.moon@lw.com*
6   355 South Grand Avenue
7   Los Angeles, California  90071-1560
    Telephone: +1.213.485.1234
8   Facsimile:  +1.213.891.8763

9   Attorneys for Defendants Pacific Coast Oil
    Trust; Pacific Coast Energy Company LP;
10  PCEC (GP) LLC; Pacific Coast Energy
    Holdings LLC; Halbert S. Washburn; and
11  Randall H. Breitenbach

12            **UNITED STATES DISTRICT COURT**
13            **CENTRAL DISTRICT OF CALIFORNIA**

14  THOMAS WELCH, Individually and on        Case No. CV14-6170 GHK JPR
    Behalf of All Others Similarly Situated,
15
16                 Plaintiff,               **NOTICE OF REMOVAL**
                                            **OF ACTION**
17        v.

18  PACIFIC COAST OIL TRUST; PACIFIC        Removed from the Superior Court
    COAST ENERGY COMPANY LP; PCEC           of California, County of Los
19  (GP) LLC; PACIFIC COAST ENERGY          Angeles, Case No. BC550418
    HOLDINGS LLC; HALBERT S.
20  WASHBURN; RANDALL H.                    Compl. Filed:  July 1, 2014
    BREITENBACH; BARCLAYS CAPITAL
21  INC.; CITIGROUP GLOBAL MARKETS
    INC.; MERRILL LYNCH, PIERCE, FENNER
22  & SMITH INCORPORATED; J.P. MORGAN
    SECURITIES LLC; UBS SECURITIES LLC;
23  WELLS FARGO SECURITIES, LLC; RBC
    CAPITAL MARKETS, LLC; ROBERT W.
24  BAIRD & CO. INCORPORATED; STIFEL,
    NICOLAUS & COMPANY,
25  INCORPORATED; OPPENHEIMER & CO.
    INC.; and JANNEY MONTGOMERY
26  SCOTT LLC,

27                 Defendants.

28

FILED
CLERK, U.S. DISTRICT COURT

AUG - 6 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1  **TO THE CLERK OF THIS COURT, ALL PARTIES, AND THEIR**
2  **ATTORNEYS OF RECORD**:

3      **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1441 and 15 U.S.C.
4  §§ 77v(a) and 77p(c), defendants Pacific Coast Oil Trust; Pacific Coast Energy
5  Company LP; PCEC (GP) LLC; Pacific Coast Energy Holdings LLC; Halbert S.
6  Washburn; and Randall H. Breitenbach (collectively, the "PCOT Defendants")
7  hereby remove the above-captioned civil action, and all claims and causes of action
8  therein, from the Superior Court of California, County of Los Angeles, to the
9  United States District Court for the Central District of California, Western
10  Division. The PCOT Defendants appear for purposes of removal only, reserve all
11  defenses and rights available, and state as follows:

12      1.    On July 1, 2014, Plaintiff Thomas Welch ("Plaintiff"), purportedly
13  acting on his own behalf and on behalf of all others similarly situated, filed the
14  above-captioned putative class action in the Superior Court of California, County
15  of Los Angeles. Several of the PCOT Defendants were first-served with a copy of
16  the complaint and summons on July 10, 2014. None of the PCOT Defendants
17  were served with a copy of the complaint and summons prior to that date. A true
18  and correct copy of the summons and the complaint is attached hereto as Exhibit 1.
19  A true and correct copy of all additional pleadings, court filings, and orders is
20  attached hereto as Exhibit 2.

21      2.    This action is within the original jurisdiction of this Court under 28
22  U.S.C. § 1331 because it includes claims arising under the laws of the United
23  States. Specifically, Plaintiff asserts claims arising under Sections 11, 12(a)(2),
24  and 15 of the Securities Act of 1933 (the "Securities Act"). (*See* Compl. ¶¶ 11,
25  104, 114-17, 121-22.)

26      3.    Because this is a civil action over which this Court has original
27  jurisdiction under 28 U.S.C. § 1331, it is removable under 28 U.S.C. § 1441 and
28  the Securities Act, as amended by the Securities Litigation Uniform Standards Act

1   of 1998 ("SLUSA").  In particular, under 28 U.S.C. § 1441(a), "[e]xcept as

2   otherwise expressly provided by Act of Congress, any civil action brought in a

3   State court of which the district courts of the United States have original

4   jurisdiction, may be removed . . . to the district court of the United States

5   embracing the place where such action is pending."

6        4.     Prior to the enactment of SLUSA, Section 22(a) of the Securities Act

7   gave state and federal courts concurrent jurisdiction over civil claims brought

8   under the Securities Act.  SLUSA, however, amended Section 22(a) of the

9   Securities Act to prohibit concurrent state jurisdiction for certain "covered class

10  actions" alleging "an untrue statement or omission of a material fact in connection

11  with the purchase or sale of a covered security" under the Securities Act.  *See* 15

12  U.S.C. § 77v(a).

13       5.     SLUSA also amended Section 22(a) to allow for the removal of

14  certain "covered class actions" arising under the Securities Act.  *See id.*

15  Specifically, Section 16(c) of the Securities Act provides that "[a]ny covered class

16  action brought in any State court involving a covered security, as set forth in

17  subsection (b), shall be removable to the Federal district court for the district in

18  which the action is pending, and shall be subject to subsection (b)."  15 U.S.C.

19  § 77p(c).

20       6.     Based on these amendments, federal courts alone have jurisdiction to

21  hear such "covered class actions" raising Securities Act claims, and such "covered

22  class actions" involving a "covered security" are removable to federal court.

23       7.     "Covered class actions" include:  "any single lawsuit in which . . . one

24  or more named parties seeks to recover damages on a representative basis on

25  behalf of themselves and other unnamed parties similarly situated, and questions of

26  law or fact common to those persons or members of the prospective class

27  predominate over any questions affecting only individual persons or members."  15

28  U.S.C. § 77p(f)(2)(A)(i)(II).  A "covered security" is defined to include securities

1    listed for trading on the New York Stock Exchange ("NYSE").  *See* 15 U.S.C.

2    § 77p(f)(3); *id.* § 77r(b)(1).

3         8.    Plaintiff's action is a "covered class action" involving a "covered

4    security."  This action is a "covered class action" because Plaintiff is a named party

5    seeking to recover damages on a representative basis on behalf of himself and

6    others similarly situated, and the complaint alleges that questions of law or fact

7    common to the putative class predominate over individual questions.  (*See* Compl.

8    ¶¶ 1, 6, 69, 101.)  Further, the securities at issue, the common units of Pacific

9    Coast Oil Trust, are "covered securit[ies]" because they are listed, and were listed

10   during the relevant period, on the NYSE.  (*See id.* ¶ 16.)

11        9.    Accordingly, Plaintiff's Securities Act claims are removable to the

12   United States District Court for the Central District of California under 15 U.S.C.

13   §§ 77p and 77v, and 28 U.S.C. § 1441.  *See, e.g.*, *Brody v. Homestore, Inc.*, 240 F.

14   Supp. 2d 1122 (C.D. Cal. 2003); *Lapin v. Facebook, Inc.*, 2012 U.S. Dist. LEXIS

15   119924 (N.D. Cal. Aug. 23, 2012); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425

16   (S.D.N.Y. 2009).

17        10.    The PCOT Defendants will promptly serve a copy of this Notice on

18   counsel for Plaintiff and file a copy of this Notice with the Clerk of the Superior

19   Court of California, County of Los Angeles, pursuant to 28 U.S.C. § 1446(d).

20        11.    This Notice of Removal is being filed within 30 days of receipt of the

21   summons and complaint by the PCOT Defendants, and thus, is timely filed under

22   28 U.S.C. § 1446(b).

23        12.    Assignment of the action to the United States District Court for the

24   Central District of California, Western Division, is appropriate because this action

25   is being removed from the Superior Court of California, County of Los Angeles.

26   *See id.* §§ 1441(a), 1446(a).

27        13.    Besides the PCOT Defendants, the other defendants, represented by

28   separate counsel, are Barclays Capital Inc.; Citigroup Global Markets Inc.; Merrill

1  Lynch, Pierce, Fenner & Smith Incorporated; J.P. Morgan Securities LLC; UBS

2  Securities LLC; Wells Fargo Securities, LLC; RBC Capital Markets, LLC; Robert

3  W. Baird & Co. Incorporated; Stifel, Nicolaus & Company, Incorporated;

4  Oppenheimer & Co. Inc.; and Janney Montgomery Scott LLC (the "Underwriter

5  Defendants").  Undersigned counsel hereby aver that the Underwriter Defendants,

6  through their counsel, consent to the removal of this action to this Court, subject to

7  and without waiving all defenses and rights available to them.  This averment

8  satisfies the requirement that all defendants properly served must join or consent to

9  removal.  *See* 28 U.S.C. § 1446(b)(2); *Proctor v. Vishay Intertechnology, Inc.*, 584

10  F.3d 1208, 1224-25 (9th Cir. 2009).

11      14.   This Notice of Removal is signed by counsel to the PCOT Defendants

12  pursuant to Federal Rule of Civil Procedure 11.  *See* 28 U.S.C. § 1446(a).

13      WHEREFORE, the PCOT Defendants remove this action in its entirety from

14  the Superior Court of California, County of Los Angeles, to this Court.

15  Dated:  August 6, 2014          Respectfully submitted,

16

17                             LATHAM & WATKINS LLP

18                             By_____

19                             Robert W. Perrin

20                             Attorneys for Defendants Pacific Coast Oil
Trust; Pacific Coast Energy Company LP;

21                             PCEC (GP) LLC; Pacific Coast Energy

22                             Holdings LLC; Halbert S. Washburn; and
Randall H. Breitenbach

23

24

25

26

27

28

**Exhibit 1**

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Pacific Coast Oil Trust (Additional Parties Attachment form is attached. )

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Thomas Welch, Individually and on Behalf of All Others Similarly Situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

JUL 01 2014

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Shaunya Bolden

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90027

CASE NUMBER:
*(Número del Caso):*
**BC 550418**

**BY FAX**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Walter W. Noss, Scott+Scott, Attorneys at Law, LLP, ~~707 Broadway~~ Ave., Los Angeles, CA 90027

DATE: 7/1/2014                              JUL 01 2014        SHERRI R. CARTER        SHAUNYA BOLDEN        , Deputy
*(Fecha)*                                                      Clerk, by *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 1

6

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Welch v. Pacific Coast Oil Trust, et al. | |

**INSTRUCTIONS FOR USE**

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

PACIFIC COAST ENERGY COMPANY LP, PCEC (GP) LLC, PACIFIC COAST ENERGY HOLDINGS LLC, HALBERT S. WASHBURN, RANDALL H. BREITENBACH, BARCLAYS CAPITAL INC., CITIGROUP GLOBAL MARKETS INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, J.P. MORGAN SECURITIES LLC, UBS SECURITIES LLC, WELLS FARGO SECURITIES, LLC, RBC CAPITAL MARKETS, LLC, ROBERT W. BAIRD & CO. INCORPORATED, STIFEL, NICOLAUS & COMPANY, INCORPORATED, OPPENHEIMER & CO. INC., and JANNEY MONTGOMERY SCOTT LLC,

Defendants.

Page __2__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit 1

7

ORIGINAL

**FILED**
Superior Court of California
County of Los Angeles

JUL 01 2014

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Shaunya Bolden

1 | WALTER W. NOSS (CA Bar No. 277580)
2 | JOHN T. JASNOCH (CA Bar No. 281605)
  | 4771 Cromwell Avenue
3 | Los Angeles, CA 90027
  | Telephone: (213) 985-1274
4 | Facsimile: (213) 985-1278
  | wnoss@scott-scott.com
5 | jjasnoch@scott-scott.com

6 | *Counsel for Plaintiff*

7 | [Additional counsel on signature page.]

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
  | COUNTY OF LOS ANGELES

10

11 | THOMAS WELCH, Individually and on Behalf of | Case No.
   | All Others Similarly Situated,             | **BC 550418**
12 |                                            |
   |                          Plaintiff,        | **CLASS ACTION COMPLAINT FOR**
13 |                                            | **VIOLATIONS OF THE SECURITIES ACT**
   |                                            | **OF 1933**
14 |         vs.                                |
   |                                            |
15 | PACIFIC COAST OIL TRUST, PACIFIC COAST     |
   | ENERGY COMPANY LP, PCEC (GP) LLC,          | **JURY TRIAL DEMANDED**
16 | PACIFIC COAST ENERGY HOLDINGS LLC,         |
   | HALBERT S. WASHBURN, RANDALL H.            |
17 | BREITENBACH, BARCLAYS CAPITAL INC.,        |
   | CITIGROUP GLOBAL MARKETS INC.,             |
18 | MERRILL LYNCH, PIERCE, FENNER & SMITH      |
   | INCORPORATED, J.P. MORGAN SECURITIES       |
19 | LLC, UBS SECURITIES LLC, WELLS FARGO       |
   | SECURITIES, LLC, RBC CAPITAL MARKETS,      |
20 | LLC, ROBERT W. BAIRD & CO.                 |
   | INCORPORATED, STIFEL, NICOLAUS &           |
21 | COMPANY, INCORPORATED, OPPENHEIMER         |
   | & CO. INC., and JANNEY MONTGOMERY          |
22 | SCOTT LLC,                                 |
23 |                          Defendants.       |
24

25

26

27

28

Plaintiff Thomas Welch ("Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Pacific Coast Oil Trust ("PCOT" or the "Company") press releases, Securities and Exchange Commission ("SEC") filings, analyst reports, media reports and other publicly disclosed reports, and information about the Defendants.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a securities class action against PCOT, Pacific Coast Energy Company LP, PCEC (GP) LLC, Pacific Coast Energy Holdings LLC, several of PCOT's top executives, and underwriters for making materially misleading statements and omitting material information from the Company's Registration Statements and Prospectuses.

2.      Pacific Coast Energy Company LP, PCEC (GP) LLC, and Pacific Coast Energy Holdings LLC are referred to collectively as the "PCEC."

3.      The Class in this action consists of investors who purchased or otherwise acquired PCOT securities pursuant or traceable to the registration statement that became effective on May 2, 2012 and the prospectuses issued thereto (the "Registration Statement"), and the registration statement that became effective on September 19, 2013 and the prospectuses issued thereto (the "Secondary Registration Statement").

4.      In this action, Plaintiff is pursuing negligence and *strict liability* remedies under the Securities Act of 1933 (the "Securities Act").  This action involves solely strict liability and negligence

1

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
9

claims under the 1933 Act.  Plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or intentional or reckless misconduct.

## SUMMARY AND OVERVIEW OF THE ACTION

5.       On May 2, 2012, Defendants caused to be filed a Form S-1MEF with the SEC in which they announced their Offering of 18.5 million trust units at $20 per share.

6.       The Registration Statement made false and misleading statements concerning the Company's (1) capital expenditures and (2) hedge contracts expiration. In addition, in violation of Item 303 of Regulation S-K, under the applicable SEC rules and regulations, Defendants failed to disclose material facts concerning these issues.

7.       On September 18, 2013, PCOT announced its Secondary Offering in which PCEC and other selling unitholders (including certain Board representatives) offered an aggregate of 13.5 million trust units.

8.       The Secondary Registration Statement made false and misleading statements concerning the Company's (1) capital expenditures and (2) hedge contracts expiration. In addition, under the applicable SEC rules and regulations, in violation of Item 303 of Regulation S-K, Defendants failed to disclose material facts concerning these issues.

9.       On September 24, 2013, five days after the Secondary Offering, the Company announced its October 2013 cash distribution, in which it significantly lowered its monthly distribution due to increased capital expenditures and lower average realized oil prices.

10.      As the extent of these problems became public, the price of PCOT trust units declined dramatically.  As noted above, the initial public offering ("IPO") price for the trust units was $20.00, and the Secondary Offering price was $17.10.  The trust units recently traded at approximately $13.00 each.  Thus, PCOT's trust units have lost more than one-third of their market value since the IPO.

2

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
10

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over the causes of action asserted herein pursuant to the California Constitution, Article VI, §10.  This action is not removable.  The claims alleged herein arise under §§11, 12(a)(2), and 15 of the Securities Act.  *See* 15 U.S.C. §§77k, 77l(a)(2), and 77o.  Jurisdiction is conferred by §22 of the Securities Act, and venue is proper pursuant to §22 of the Securities Act.  Section 22 of the Securities Act explicitly states that "[e]xcept as provided in section 16(c), no case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  Section 16(c) refers to "covered class action[s] brought in any State court involving a covered security, as set forth in subsection (b);" and subsection (b) of Section 16 in turn includes within its scope only covered class actions "based upon the statutory or common law of any State or subdivision thereof."  This is an action asserting only federal law claims.  Thus, this action is not removable to federal court.

12.    This Court has personal jurisdiction over each of the Defendants named herein because they conducted business in, resided in, and/or were citizens of California at the time of the IPO and Secondary Offering.

13.    Venue is proper in this Court because the Company maintains properties in the county.

14.    Venue is also proper in this Court because many of the acts complained of, including the dissemination of materially false and misleading statements and reports prepared by, or with the participation, acquiescence, encouragement, cooperation, or assistance of Defendants, occurred, at least in part, in this county.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
11

**PARTIES**

15.     Plaintiff Thomas Welch purchased PCOT's trust units pursuant and/or traceable to the Offering and was damaged thereby.

16.     Defendant Pacific Coast Oil Trust is a Delaware statutory perpetual trust formed by Pacific Coast Energy Company LP through a conveyance of interests in California onshore oil properties located in the Santa Maria and Los Angeles Basins. Pacific Coast Energy Company LP owns the underlying properties from which these net profits interests were conveyed.  PCOT's trust units are traded on the New York Stock Exchange under the ticker symbol "ROYT."  The Company does business in California.

17.     Defendant Pacific Coast Energy Company LP offers oil and gas exploration, development, and production services. The company was formerly known as BreitBurn Energy Company L.P. and changed its name to Pacific Coast Energy Company LP in December 2011. The Company was founded in 1997 and is based in Los Angeles, California.  Pacific Coast Energy Company LP has no employees, executive officers, or directors.

18.     Defendant PCEC (GP) LLC manages Pacific Coast Energy Company LP.

19.     Defendant Pacific Coast Energy Holdings LLC is the sole member of Defendant PCEC (GP) LLC.  PCEC (GP) LLC is managed by the Board of Representatives of Pacific Coast Energy Holdings LLC.

20.     The principal business address of PCEC is 515 South Flower Street, Suite 4800, Los Angeles, California 90071.

21.     Defendant Halbert S. Washburn ("Washburn") was, at the time of the Offering, Co-Chief Executive Officer of PCEC (GP) LLC and a Board Representative of Pacific Coast Energy Holdings LLC.  Upon information and belief, Defendant Washburn signed the false and misleading Registration Statement.  Defendant Washburn is a resident of California.

4

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
12

22.     Defendant Randall H. Breitenbach ("Breitenbach") was, at the time of the Offering, Co-Chief Executive Officer of PCEC (GP) LLC and a Board Representative of Pacific Coast Energy Holdings LLC.  Upon information and belief, Defendant Breitenbach signed the false and misleading Registration Statement.  Defendant Breitenbach is a resident of California.

23.     Defendant Barclays Capital Inc. ("Barclays") was an underwriter of the Company's Offering, served as a financial advisor, and assisted in the preparation and dissemination of PCOT's false and misleading Registration Statement.

24.     Defendant Citigroup Global Markets Inc. ("Citigroup") was an underwriter of the Company's Offering, served as a financial advisor, and assisted in the preparation and dissemination of PCOT's false and misleading Registration Statement.

25.     Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") was an underwriter of the Company's Offering, served as a financial advisor, and assisted in the preparation and dissemination of PCOT's false and misleading Registration Statement.

26.     Defendant J.P. Morgan Securities LLC ("JP Morgan") was an underwriter of the Company's Offering, served as a financial advisor, and assisted in the preparation and dissemination of PCOT's false and misleading Registration Statement.

27.     Defendant UBS Securities LLC ("UBS") was an underwriter of the Company's Offering, served as a financial advisor, and assisted in the preparation and dissemination of PCOT's false and misleading Registration Statement.

28.     Defendant Wells Fargo Securities, LLC ("Well Fargo") was an underwriter of the Company's Offering, served as a financial advisor, and assisted in the preparation and dissemination of PCOT's false and misleading Registration Statement.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
13

29.     Defendant RBC Capital Markets, LLC ("RBC") was an underwriter of the Company's Offering, served as a financial advisor, and assisted in the preparation and dissemination of PCOT's false and misleading Registration Statement.

30.     Defendant Robert W. Baird & Co. ("Baird") Incorporated was an underwriter of the Company's Offering, served as a financial advisor, and assisted in the preparation and dissemination of PCOT's false and misleading Registration Statement.

31.     Defendant Stifel, Nicolaus & Company, Incorporated ("Stifel") was an underwriter of the Company's Offering, served as a financial advisor, and assisted in the preparation and dissemination of PCOT's false and misleading Registration Statement.

32.     Defendant Oppenheimer & Co. Inc. ("Oppenheimer") was an underwriter of the Company's Offering, served as a financial advisor, and assisted in the preparation and dissemination of PCOT's false and misleading Registration Statement.

33.     Defendant Janney Montgomery Scott LLC ("Janney") was an underwriter of the Company's Offering, served as a financial advisor, and assisted in the preparation and dissemination of PCOT's false and misleading Registration Statement.

34.     Defendants Barclays, Citigroup, Merrill Lynch, JP Morgan, UBS, Wells Fargo, RBC, Baird, Stifel, Oppenheimer, and Janney are referred to collectively as the "Underwriter Defendants."

35.     Pursuant to the Securities Act, the Underwriter Defendants are liable for the false and misleading statements in the Offering's Registration Statement and Prospectus.   The Underwriter Defendants' failure to conduct adequate due diligence investigations was a substantial factor leading to the harm complained of herein.

36.     The Underwriter Defendants are investment banking houses which specialize, *inter alia*, in underwriting public offerings of securities.   They served as the underwriters of the Offering and received, collectively, approximately $20.87 million in fees and options to purchase an additional 2.78

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
14

million trust units of PCOT in the Offering.  The Underwriter Defendants determined that, in return for their share of the Offering, they were willing to merchandize PCOT trust units in the Offering.  The Underwriter Defendants arranged a multi-city road show prior to the Offering during which they met with potential investors and presented highly favorable information about the Company, its financial prospects, and its sales and reimbursement practices.

37.     Representatives of the Underwriter Defendants also assisted PCOT, Washburn, and Breitenbach in planning the Offering and purportedly conducted an adequate and reasonable investigation into the business and operations of PCOT, an undertaking known as a "due diligence" investigation.  The due diligence investigation was required of the Underwriter Defendants in order to engage in the Offering.  During the course of their "due diligence," the Underwriter Defendants had continual access to confidential corporate information concerning PCOT's business sales model, financial condition, internal controls, and future business plans and prospects.

38.     In addition to availing themselves of access to internal corporate documents, agents of the Underwriter Defendants, including their counsel, met with PCOT's lawyers, management, and top executives to determine: (i) the strategy to best accomplish the Offering; (ii) the terms of the Offering, including the price at which PCOT's trust units would be sold; (iii) the language to be used in the Registration Statement; (iv) what disclosures about PCOT would be made in the Registration Statement; and (v) what responses would be made to the SEC in connection with its review of the Registration Statement.  As a result of those constant contacts and communications between the Underwriter Defendants' representatives and PCOT's management and top executives, the Underwriter Defendants knew, or should have known, of PCOT's existing problems and the misstatements and omissions contained in the Registration Statement as detailed herein.

39.     The Underwriter Defendants caused the Registration Statement to be filed with the SEC and declared effective in connection with offers and sales thereof, including to Plaintiff and the Class.

7

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
15

## SUBSTANTIVE ALLEGATIONS

40.     PCEC is a privately held Delaware limited partnership formed on June 15, 2004 as BreitBurn Energy Company L.P. to engage in the production and development of oil and natural gas from properties located in California.

41.     PCOT is a Delaware statutory trust formed by PCEC in January 2012 to own interests in properties located in California in the Santa Maria and Los Angeles Basins.  PCOT's properties consist of producing and non-producing interests in oil units, wells, and lands located onshore in California in the Santa Maria Basin, which contains PCEC's Orcutt properties, and the Los Angeles Basin, which contains PCEC's West Pico, East Coyote, and Sawtelle properties.

42.     PCEC conveyed to PCOT a net profits interest from the sale of oil and gas production associated with certain properties.   The properties are grouped into two baskets: the developed properties and the remaining properties. The developed properties encompass proved developed reserves in both the Santa Maria and Los Angeles Basins. The remaining properties cover all other potential development opportunities on the underlying properties, primarily the Diatomite development.

43.     PCOT trust units are equity securities of the trust and represent undivided beneficial interest in the trust assets. They do not represent any interest in PCEC.  PCOT's trust units attract investors seeking yield-based investments.  PCOT trust unitholders receive monthly cash distributions from the proceeds PCOT receives.

44.     Unitholders are entitled to receive an 80% net profits interest derived from oil and gas production from the developed properties. The net profits interest is made up of gross revenue less development, operating, and administrative costs. In addition, unitholders are entitled to a 25% net profits interest derived from oil and gas production from the remaining properties.

45.     The following chart shows the relationship of PCEC, PCOT, and the trust unitholders after the closing of the Offering.

8

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
16



46.     Oil and gas trusts like PCOT are a type of commodity investment in which an investor purchases a trust unit for the right to future net profits from a set of wells.  PCOT was created to own profits from the "sale of oil and natural gas production from . . . properties . . . in the Santa Maria and Los Angeles Basins [of California]."

47.     On January 6, 2012, PCOT filed a Registration Statement on Form S-1 announcing that the Company would be offering trust units for sale to the investing public.

48.     On April 25, 2012, PCOT filed Amendment No. 6 to its Form S-1 (Registration No. 333-178928) announcing an Offering of 17.5 million shares.

49.     On May 2, 2012, PCOT filed a Form S-1MEF with the SEC, and the Offering became effective.

50.     On May 3, 2012, the Offering of 18.5 million trust units opened to trading.  In addition, a 30-day option was given to the Underwriter Defendants to purchase an additional 2.775 million trust units at the initial offering price to cover overallotments, at a price of $20.00 per trust unit. The 18.5

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
17

million trust units represent a 47.9% beneficial interest in the Company. Based on demand for the trust units, the size of the Offering was increased above the previously announced 17.5 million trust units.

51.    Barclays, Citigroup, Merrill Lynch, JP Morgan, UBS, and Wells Fargo acted as joint book-running managers in connection with the Offering.  RBC, Baird, Stifel, Oppenheimer, and Janney acted as co-managers.  The Offering concluded on or about May 8, 2012.

52.    PCOT trust unitholders receive monthly cash distributions from the proceeds that the trust receives from PCEC pursuant to the net profits interests and/or the royalty interests.  PCOT's distribution relates to net profits and overriding royalties generated during the previous month as provided in the conveyance of net profits and overriding royalty interest.

53.    PCOT's success depends predominantly on the operation and management of PCEC, and PCOT's ability to pay its trust unitholders depends entirely on PCEC's ability to make distributions to its unitholders.  For an investor, PCOT's value, as with all oil and gas trusts, is basely almost entirely on its distribution stream.

54.    PCOT's monthly distributions fluctuate depending on the proceeds it receives as a result of actual production volumes, oil and gas prices, and development expenses.  Accordingly, there is a clear incentive to maintain monthly distributions at a stable and/or increasing rate to satisfy unitholders.

55.    On June 25, 2013, PCOT announced its July 2013 cash distribution. The July 2013 cash distribution was $0.15721 per unit, $6.1 million higher than the previous month ($0.15721 per unit versus $0.15270 per unit) principally due to higher production and lower operating expenses and partially offset by slightly lower average realized oil prices (crude oil production was approximately 3% higher than April primarily reflecting one additional day of production in May).

56.    On or around July 16, 2013, the *Wall Street Transcript* published its Oil & Gas Review 2013 Report.  The Report contained expert industry commentary through interviews with public

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
18

company CEOs, Equity Analysts, and Money Managers.  Baird senior analyst, Ethan Bellamy, stated the following regarding PCOT:

> We [Baird] think [PCOT] has a very good structure; it's a perpetual trust, it's linked to global crude prices. California tends to trade at North Sea Brent prices, which is a premium price versus interior U.S. prices like WTI.
>
> And then longer term, we think that there's potential production upside from their exposure to the Orcutt diatomite. We have a $21 target on ROYT, which implies 30% potential to our target and 9% in total rate of return. We think that's attractive and really well-run. It's actually one of the few that's actively marketed by the folks that run it. The management team is the same folks who run BreitBurn Energy Partners (BBEP), and that's interesting because they are in the market every day and, incidentally while we are not talking about MLPs, today we do like the BreitBurn management team and BBEP as well.

57.     On July 26, 2013 PCOT announced its August 2013 cash distribution. The August 2013 cash distribution was $0.15462 per unit, $6.0 million lower than the previous month ($0.15462 per unit versus $0.15721 per unit), principally due to lower production and lower average realized oil prices (production was approximately 3% lower than May primarily reflecting one less day of production in June).

58.     On August 8, 2013, PCOT filed its Form 10-Q with the SEC.

59.     On August 27, 2013, PCOT announced its September 2013 cash distribution. The September 2013 cash distribution was $0.16990 per unit, $6.6 million is higher than the previous month ($0.16990 per unit versus $0.15462 per unit), principally due to higher average realized oil prices and higher production. *The 9.9% increase marks the largest payout PCOT has paid its investors during at least the past 12 months, less than a month before its Secondary Offering.*

60.     Furthermore, *PCOT had issued a dividend almost every month since its IPO, steadily increasing its amount while doing so.*

---

11

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
19

61.     According to the Company's 10-K filed on March 17, 2013, in 2012,[1] PCOT generated $41 million in free cash flow (or "distributable income") and paid all of it to unitholders.

62.     On September 19, 2013, PCOT announced its Secondary Offering in which PCEC and other selling unitholders intended to offer an aggregate of 13.5 million trust units at a price of $17.10 per unit.  PCEC and the selling unitholders also granted the underwriters a 30-day option to purchase up to an additional 2.025 million trust units.

63.     PCEC intended to use the net proceeds from the sale of its trust units to pay down a portion of the outstanding borrowings under its senior secured credit facility and the remainder for general limited partnership purposes. ***PCOT did not receive any proceeds from the Secondary Offering***.

64.     Morgan Stanley, Barclays, JP Morgan, Wells Fargo, UBS, Merrill Lynch, and RBC acted as joint book-running managers in the Secondary Offering. Stifel, Baird, Oppenheimer, and Janney acted as co-managers.

65.     At the time, PCOT had nearly 38.6 million units outstanding and was trading at approximately $17.98 per unit.

66.     PCEC, Washburn, and Breitenbach sold PCOT units in the Secondary Offering.

| Selling Trust Unitholder | Number of Trust Units Offered | Price | Amount |
|---|---|---|---|
| Pacific Coast Energy Company LP | 5,000,000 | $17.10 | $85,500,000 |
| Randall H. Breitenbach | 90,663 | $17.10 | $1,550,337 |
| Halbert S. Washburn | 90,663 | $17.10 | $1,550,337 |

67.     On or around September 24, 2013, the Secondary Offering closed.

---

[1]     May 8, 2012 (Inception) through December 31, 2012.

12

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
20

68.     As detailed more completely below, the Registration Statement, Secondary Registration Statement, and their accompanying Offering Materials were materially false and misleading when made because the Company failed to disclose the following material facts: (1) the extent of the risks and uncertainties that PCOT was experiencing regarding its capital expenditures; (2) that such expenditures resulted in monthly distributions in excess of actual cash flows generated during the Class Period; (3) that increases in such expenditures would negatively impact monthly distributions; (4) the impact that the hedge expiration would have on monthly distributions; (5)  that, as a result of the foregoing, the Company's unit price would be severely negatively impacted; and (6) that, as a result of the foregoing, PCOT's Registration Statement, Secondary Registration Statement, and their accompany Offering Materials were materially false, misleading, and/or incomplete at all relevant times.

## IPO REGISTRATION STATEMENT

**I.     Defendants Caused PCOT to File the Untrue Registration Statement**

69.     Defendants caused the Registration Statement to be filed with the SEC so that PCOT could commence an IPO.  Pursuant to the Registration Statement, PCOT offered 18.5 million trust units in its IPO.  The Registration Statement was signed by Defendants Washburn and Breitenbach.  Each signed the Registration Statement either personally or through an Attorney-in-Fact.  Washburn and Breitenbach each had a duty to make a reasonable and diligent investigation of the truthfulness and accuracy of the statements contained in the Registration Statement.

**II.    The Registration Statement Contained Numerous Untrue Statements of Material Facts and Omitted Material Facts**

70.     The Registration Statement understated the effect that capital expenditures and hedge contract expiration would have on PCOT's monthly cash distributions to its trust unitholders.

**A.     Defendants Failed to Disclose Uncertainties Surrounding Capital Expenditures and that Such Expenditures Would Negatively Impact Monthly Distributions**

71.     The Registration Statement stated the following regarding capital expenditures:

13

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
21

Our reserve estimation process involves petroleum engineers and geoscientists. *As part of this process, all reserves volumes are estimated using a forecast of production rates, current operating costs and projected capital expenditures.* Reserves are based on the unweighted average first-day-of-the-month prices for each of the three fiscal years. Price differentials are than applied to adjust to expected realized field price. Specifics of each operating agreement are then used to estimate the net reserves. Production rate forecasts are derived by a number of methods, including decline curve analyses, volumetrics, material balance or computer simulation of the reservoir performance. Operating costs and capital costs are forecast using current costs combined with expectations of future costs for specific reservoirs. In many cases, activity-based cost models for a reservoir are utilized to project operating costs as production rates and the number of wells for production and injection vary.

\*       \*       \*

*During the years ended December 31, 2011 and 2010, we incurred $2.2 million and $11.8 million, respectively, in capital expenditures and drilled and completed two wells and three wells*, respectively, related to the conversion of proved undeveloped to proved developed reserves.

\*       \*       \*

*Significant percentage of operated properties.* PCEC owned a majority working interest in, and operated approximately 98% of the average daily production from, the Underlying Properties for the month ended December 31, 2011. *This high level of operational control allows PCEC to use its technical and operational expertise to manage overhead, production and drilling costs and capital expenditures and to control the timing and amount of discretionary expenditures for exploration, exploitation and development activities.* PCEC is not under any obligation to drill in order to hold leases since 100% of the properties are already held by production or owned in fee. In addition, PCEC's management team has managed the operations of the Underlying Properties for an average of twelve years.

[Emphasis added.]

72.     These statements contained omissions of material fact because PCOT understated the impact that an increase in capital expenditures would have on the Company's monthly distributions as well as the Company's unit price.

**B.     Defendants Failed to Disclose the Significance of the Impact that the Hedge Expiration Would Have on Monthly Distributions**

73.     PCOT's distributions vary based on the price of oil and the amount produced for a given period.  PCOT had hedges in place through March 31, 2014, which helps to mitigate price-related risk

14

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
22

for distributions associated with price volatility.  Beyond that date, PCOT has no ability to layer on additional hedges and volume is unprotected thereafter.

74.    The Registration Statement stated the following regarding the Company's hedge contracts and their effect on distributions:

> *It is intended that the trust's commodity derivative contracts will be in effect only through March 31, 2014, and thus there is likely to be greater fluctuation in cash distributions resulting from fluctuations in the realized oil prices in periods subsequent to the expiration of those contracts* . . .

*    *    *

> *Payments from any commodity derivative contract counterparties to PCEC will be intended to offset costs and thus have the effect of providing additional cash to the trust during periods of lower crude oil prices*. In the event that any of the counterparties to commodity derivative contracts default on their obligations to make payments to PCEC under the commodity derivative contracts, the cash distributions to the trust unitholders could be materially reduced. PCEC does not have any security interest from its hedge counterparties against which it could recover in the event of a default by any such counterparty.

*    *    *

> *Settlement of Commodity Derivative Contracts*. PCEC has entered into commodity derivative contracts with an affiliate of Wells Fargo in order to mitigate the effects of falling commodity prices through March 31, 2014. The trust will be entitled to the effect of 2,000 barrels of daily swap volumes of Brent crude oil at $115.00 per barrel during the twenty-four months ending March 31, 2014. *The commodity derivative contracts are intended to reduce exposure of the revenues from oil production from the Underlying Properties to fluctuations in oil prices and to achieve more predictable cash flow. The commodity derivative contracts will limit the benefit to the trust of any increase in oil prices through March 31, 2014.* The trust will not bear any hedge settlement costs paid by PCEC, or be entitled to any hedge payments received by PCEC, for periods on or prior to April 2012. For more information, see "The Underlying Properties—Commodity Derivative Contracts."

*    *    *

> The revenues derived from the Underlying Properties depend substantially on prevailing oil prices and, to a lesser extent, natural gas prices. As a result, commodity prices also affect the amount of cash flow available for distribution to the trust unitholders. Lower prices may also reduce the amount of oil and natural gas that PCEC or the third-party operators can economically produce. *PCEC has entered into hedge contracts to reduce the exposure of the revenues from oil and natural gas production from the Underlying*

15

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
23

*Properties to fluctuations in oil and natural gas prices and to achieve more predictable cash flow. However, these contracts limit the amount of cash available for distribution if prices increase above the fixed hedge price.*

\* \* \*

*Due to the historical volatility of crude oil and natural gas prices, PCEC has entered into various derivative instruments to manage exposure to volatility in the market price of crude oil and natural gas to achieve more predictable cash flows.* PCEC uses swaps, collars and options for managing risk relating to crude oil prices. All contracts are settled with cash and do not require the delivery of physical volumes to satisfy settlement. While this strategy may result in PCEC having lower revenues than it would otherwise have if it had not utilized these instruments in times of higher oil and natural gas prices, PCEC believes that the resulting reduced volatility of prices and cash flow is beneficial. While PCEC's crude oil price risk management program is intended to reduce its exposure to crude oil prices and assist with stabilizing cash flow and distributions, to the extent PCEC has hedged a significant portion of its expected production and the cost for goods and services increases, PCEC's margins would be adversely affected. To the extent PCEC has hedged a significant portion of its expected production and actual production is lower than expected or the costs of goods and services increase, PCEC's profitability would be adversely affected. The use of derivatives also involves the risk that the counterparties to such instruments will be unable to meet the financial terms of such contracts.

[Emphasis added.]

75.     These statements contained omissions of material fact because the Company failed to disclose the significance of the impact that hedge contract expiration in the first quarter of 2014 would have on the Company's monthly distributions.

76.     PCEC purchased hedges on PCOT's behalf in order to mitigate the effects of falling commodity prices.  Any significant downturn in crude oil prices materially affects distributions to unitholders, potentially threatening the Company's budgeted capital plans and potentially pushing production into later periods.

77.     There are three primary benchmarks that serve as a reference price for buyers and sellers of crude oil: West Texas International ("WTI"), Brent Blend, and Dubai.  Oil prices in California tend to track Brent Blend crude oil.

16

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
24

78.     PCOT's properties in California produce a grade of crude oil that generally traded anywhere from $5 to $12 a barrel below the WTI benchmark.  However, starting in mid-2011, the price lines crossed, and California crude traded at a premium through the end of 2013.  Prices have since started to decline and will revert back to their historical relationship some time in 2014, fortuitously, when PCOT's hedge rolled off.

79.     Consequently, the variation in month to month distribution payments is likely to be more pronounced going forward. Cash flows could drop and monthly distributions could continue to decrease if declines in crude prices more than offset any production growth.

**C.      Defendants Omitted Material Facts from the Registration Statement in Violation of Item 303 of Regulation S-K**

80.     In violation of the Securities Act, Defendants omitted material facts from the Registration Statement and incorporated Offering Materials concerning: (1) the extent of the risks and uncertainties that PCOT was experiencing regarding its capital expenditures; (2) that such expenditures resulted in monthly distributions in excess of actual cash flows generated during the Class Period; (3) that increases in such expenditures would negatively impact monthly distributions; and (4) the impact that the hedge expiration would have on monthly distributions.

**SECONDARY REGISTRATION STATEMENT**

**I.     Defendants Caused PCOT to File the Untrue Secondary Registration Statement**

81.     Defendants caused the Secondary Registration Statement to be filed with the SEC so that PCOT could commence its Secondary Offering.  Pursuant to the Secondary Registration Statement, PCOT offered 13.5 million trust units in its Secondary Offering.  The Secondary Registration Statement was signed by Defendants Washburn and Breitenbach.  Each signed the Secondary Registration Statement either personally or through an Attorney-in-Fact.  Washburn and Breitenbach each had a duty

17

1   to make a reasonable and diligent investigation of the truthfulness and accuracy of the statements

2   contained in the Secondary Registration Statement.

3   **II.    The Secondary Registration Statement Contained Numerous Untrue Statements of**
4   **Material Facts and Omitted Material Facts**

5   82.    The Secondary Registration Statement also understated the effect that capital expenditures and

6   hedge contract expiration would have on PCOT's monthly cash distributions to its trust unitholders.

7       **A.    Defendants Failed to Disclose Uncertainties Surrounding Capital Expenditures and**
8       **that Such Expenditures Would Negatively Impact Monthly Distributions**

9   83.    The   Secondary   Registration   Statement   stated   the   following   regarding   capital

10  expenditures:

11      *Significant percentage of operated properties.* PCEC owned a majority working interest
12      in, and operated approximately 91% of the average daily production from, the Underlying
        Properties for the month ended June 30, 2013. *This high level of operational control*
13      *allows PCEC to use its technical and operational expertise to manage overhead,*
        *production and drilling costs and capital expenditures and to control the timing and*
14      *amount of discretionary expenditures for exploration, exploitation and development*
        *activities.* PCEC is not under any obligation to drill in order to hold leases since 100% of
15      the properties are already held by production or owned in fee. In addition, PCEC's
        management team has managed the operations of the Underlying Properties for an
16      average of ten years.

17                              *       *       *

18
19      Due to significant planned capital expenditures to be made by PCEC on the Remaining
        Properties for the benefit of the trust, we expect to receive payments associated with the
20      Remaining Properties in the form of Royalty Interest Proceeds until the NPI Payout
        occurs in approximately 2020.
21
22                              *       *       *

23      The Underlying Properties consist of (i) the proved developed reserves as of
        December 31, 2011 on the Underlying Properties, which are referred to as the
24      "Developed Properties," and (ii) all other development potential on the Underlying
        Properties, which are referred to as the "Remaining Properties." Production from the
25      Developed Properties attributable to the trust is produced from wells that, because they
        have already been drilled, *require limited additional capital expenditures.* Production
26      from the Remaining Properties that is attributable to the trust requires capital
27      expenditures for the drilling of wells and installation of infrastructure. . .

28
                                        18
        CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
26

1  [Emphasis added.]

2      84.    These statements contained omissions of material fact for the same issues discussed

3  above in the Registration Statement.

4      **B.**    **Defendants Omitted Material Facts from the Secondary Registration Statement in**

5             **Violation of Item 303 of Regulation S-K**

6      85.    In violation of the Securities Act, Defendants omitted material facts from the Secondary

7  Registration Statement and incorporated Offering Materials concerning: (1) the extent of the risks and

8  uncertainties that PCOT was experiencing regarding its capital expenditures; (2) that such expenditures

9  resulted in monthly distributions in excess of actual cash flows generated during the Class Period; (3)

10  that increases in such expenditures would negatively impact monthly distributions; and (4) the impact

11  that the hedge expiration would have on monthly distributions.

12  

13                          **The Truth Begins to Emerge**

14      86.    On September 24, 2013, five days after the Secondary Offering, the Company announced

15  its October 2013 cash distribution.  The Company announced that it was drastically lowering its monthly

16  cash distribution due to increased capital expenditures and lower average realized oil prices.

17      87.    The October 2013 cash distribution was $0.15761 per unit, $6.1 million is lower than the

18  previous month ($0.15761 per unit versus $0.16990 per unit) principally due to *higher capital*

19  *expenditures* and lower average realized oil prices, which was partially offset by higher production.

20  

21      88.    Specifically, the month's capital expenditures for the Developed Properties were $1.0

22  million compared to $0.5 million from the prior month.

23      89.    During the Class Period, PCOT maintained and/or increased their monthly cash

24  distributions to preserve PCOT's unit price from its May 2012 IPO through its September 2013

25  Secondary Offering so that PCEC, Washburn, and Breitenbach could cash out at artificially inflated

26  prices.

27  

28  

                                     19

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
27

90.     Defendants failed to state the true risks associated with PCOT's ability to continue to issue stable or increasing monthly distributions.

91.     Some commentators have compared PCOT's accounting practices to that of LINN Energy LLC ("LINN").  In June 2013, the SEC put pressure on LINN to be more transparent in their accounting practices.

92.     Kevin Kaiser, Hedgeye senior energy sector analyst, believes the whole high-yield oil and gas sector is vulnerable, and in particular, publicly-traded entities like PCOT, whose distributions come from cash flows from oil and gas producing operations.  Kevin Kaiser sees the sector as largely characterized by aggressive or irregular accounting and heavy dependence on non-GAAP measures in order to arrive at the reported free cash flow numbers they need to justify their distributions.

93.     Considering PCOT must maintain steady distributions to satisfy its unitholders, there is clear incentive to raise cash through illusory means, resulting in distributions in excess of actual cash flows generated by the business.

94.     Furthermore, Defendants issued the Secondary Offering just months before the Company's final hedge contracts expired on March 31, 2014.  From that date forward, all future production is unhedged, and the Company cannot manage risk exposure through additional hedging.

95.     As the extent of these problems became public, PCOT's price fell from $17.10 during the Secondary Offering to its current price of approximately $13 per share.

96.     PCOT knew, or should have known, about the adverse problems, conditions, risks, and uncertainties at the time of the Offering and Secondary Offering.  It is reasonable to infer that PCOT knew about these problems well in advance of both offerings, yet it failed to adequately disclose the problems.  Moreover, it is reasonable to infer that unitholders of PCOT would not have purchased such units in the Offering and Secondary Offering, or would have paid less for their PCOT units, if they had been aware of the adverse problems regarding the Company's capital expenditures, opaque accounting

20

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
28

1  practices, and their significant negative impact on the price of PCOT units after they were belatedly

2  disclosed to the public.

3  ### PLAINTIFF'S CLASS ACTION ALLEGATIONS

4       97.     Plaintiff brings this action as a class action on behalf of a Class, consisting of all those

5  who purchased PCOT trust units pursuant or traceable to the Company's Registration Statement and/or

6  Secondary Registration Statement who were damaged thereby (the "Class"). Excluded from the Class

7  are Defendants; the officers and directors of the Company, at all relevant times; members of their

8  immediate families and their legal representatives, heirs, successors or assigns; and any entity in which

9  Defendants have or had a controlling interest.

10       98.     The members of the Class are so numerous that joinder of all members is impracticable.

11  While the exact number of Class members is unknown to Plaintiff at this time and can only be

12  ascertained through appropriate discovery, Plaintiff believes that there are thousands of members in the

13  proposed Class. The proposed Class may be identified from records maintained by PCOT or its transfer

14  agent and may be notified of the pendency of this action by mail, using the form of notice similar to that

15  customarily used in securities class actions.

16       99.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of

17  the Class are similarly affected by Defendants' wrongful conduct.

18       100.    Plaintiff will fairly and adequately protect the interests of the members of the Class and

19  has retained counsel competent and experienced in class action and securities litigation.

20       101.    Common questions of law and fact exist as to all members of the Class and predominate

21  over any questions solely affecting individual members of the Class. Among the questions of law and

22  fact common to the Class are:

23           a.     whether the federal securities laws were violated by Defendants' acts as alleged

24           herein;

21

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
29

b.      whether the Prospectus and Registration Statement contained materially false and misleading statements and omissions; and

c.      to what extent Plaintiff and members of the Class have sustained damages and the proper measure of damages.

102.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

### FIRST CLAIM
### Violations of §11 of
### the Securities Act Against All Defendants

103.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

104.    This Claim is brought pursuant to §11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against each of the Defendants.

105.    The Registration Statement and Secondary Registration Statement were inaccurate and misleading, contained untrue statements of material facts, and omitted facts necessary to make the statements made therein not misleading, and omitted to state material facts required to be stated therein.

106.    PCOT and/or PCEC are the issuers of the securities purchased by Plaintiff and the Class.  As such, they are strictly liable for the materially inaccurate statements contained in both the Registration Statements.

107.    Washburn and Breitenbach each signed the Registration Statement and Secondary Registration Statement.  Washburn and Breitenbach each had a duty to make a reasonable and diligent investigation of the truthfulness and accuracy of the statements contained in the Registration Statement

22

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
30

and Secondary Registrations Statement.  They had a duty to ensure that they were true and accurate, that there were no omissions of material facts that would make the Registration Statement and Secondary Registration Statement misleading, and that the documents contained all facts required to be stated therein.  In the exercise of reasonable care, Washburn and Breitenbach should have known of the material misstatements and omissions contained in the Registration Statement and Secondary Registration Statement and also should have known of the omissions of material facts necessary to make the statements made therein not misleading.  As such, Washburn and Breitenbach are liable to Plaintiff and the Class.

108.    The Underwriter Defendants each served as underwriters in connection with the Offering and Secondary Offering.   These Defendants each had a duty to make a reasonable and diligent investigation of the truthfulness and accuracy of the statements contained in the Registration Statement and Secondary Registration Statement.  They had a duty to ensure that they were true and accurate, that there were no omissions of material facts that would make the Registration Statement and Secondary Registration Statement misleading, and that the documents contained all facts required to be stated therein.  In the exercise of reasonable care, the Underwriter Defendants should have known of the material misstatements and omissions contained in the Registration Statement and Secondary Registration Statement and also should have known of the omissions of material facts necessary to make the statements made therein not misleading.  As such, the Underwriter Defendants are liable to Plaintiff and the Class.

109.    By reasons of the conduct herein alleged, each Defendant violated §11 of the Securities Act.

110.    Plaintiff acquired PCOT trust units in reliance on the Registration Statement and without knowledge of the untruths and/or omissions alleged herein.  Plaintiff sustained damages and the price of

23

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
31

PCOT trust units declined substantially due to material misstatements in the Registration Statement and Secondary Registration Statement.

111.    This action was brought within one year after the discovery of the untrue statements and omissions and within three years of the date of the Offering.

112.    By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages under §11 as measured by the provisions of §11(e) from the Defendants and each of them, jointly and severally.

**SECOND CLAIM**
Violations of §12(a)(2) of
the Securities Act Against All Defendants

113.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

114.    Defendants were sellers, offerors, and/or solicitors of purchasers of the PCOT trust units offered pursuant to the Offering and Secondary Offering.  Defendants issued, caused to be issued, and signed the Registration Statement in connection with the offerings.  The Registration Statement and Secondary Registration Statement were used to induce investors, such as Plaintiff and the other members of the Class, to purchase PCOT securities.

115.    The Registration Statement and Secondary Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted material facts required to be stated therein.  Defendants' actions of solicitation included participating in the preparation of the false and misleading Registration Statement and Secondary Registration Statement.

116.    As set forth more specifically above, the Registration Statement and Secondary Registration Statement contained untrue statements of material fact and omitted to state material facts

24

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
32

necessary in order to make the statements, in light of circumstances in which they were made, not misleading.

117.    Plaintiff and the other Class members did not know, nor could they have known, of the untruths or omissions contained in the Registration Statement and Secondary Registration Statement.

118.    The Defendants were obligated to make a reasonable and diligent investigation of the statements contained in the Registration Statement and Secondary Registration Statement to ensure that such statements were true and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading.  None of the Defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Secondary Registration Statement were accurate and complete in all material respects.  Had they done so, these Defendants could have known of the material misstatements and omissions alleged herein.

119.    This claim was brought within one year after discovery of the untrue statements and omissions in the Registration Statement and within three years after PCOT securities were sold to the Class in connection with the Offering.

### THIRD CLAIM
### Violations of §15 of the Securities Act
### Against Washburn and Breitenbach

120.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

121.    Washburn and Breitenbach acted as controlling persons of PCOT within the meaning of §15 of the Securities Act.  By reason of their ownership, senior management positions, and/or directorships at the Company, as alleged above, these Defendants, individually and acting pursuant to a common plan, had the power to influence and exercised the same to cause PCOT to engage in the conduct complained of herein.

25

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
33

122.    By reason of such wrongful conduct, Washburn and Breitenbach are liable pursuant to §15 of the Securities Act.  As a direct and proximate result of the wrongful conduct, Class members suffered damages in connection with their purchases of the Company's securities.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.    Declaring this action to be a proper class action and certifying Plaintiff as Class representative;

B.    Awarding Plaintiff and other members of the Class compensatory damages;

C.    Awarding Plaintiff and other members of the Class rescission on their §12(a)(2) claims;

D.    Awarding Plaintiff and other members of the Class pre-judgment and post-judgment interest, as well as reasonable attorneys' fees, expert witness fees, and other costs and disbursements; and

E.    Awarding Plaintiff and other members of the Class any other relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: July 1, 2014

WALTER W. NOSS (CA Bar No. 277580)
JOHN T. JASNOCH (CA Bar No. 281605)
4771 Cromwell Avenue
Los Angeles, CA 90027
Telephone: (213) 985-1274
Facsimile: (213) 985-1278
wnoss@scott-scott.com
jjasnoch@scott-scott.com

26

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
34

GEOFFREY M. JOHNSON
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone:      (216) 229-6088
Facsimile:      (216) 229-6092
gjohnson@scott-scott.com

DONALD BROGGI
THOMAS L. LAUGHLIN
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone:      (212) 223-6444
Facsimile:      (212) 223-6334
dbroggi@scott-scott.com
tlaughlin@scott-scott.com

AMBER ECK
ZELDES HAEGGQUIST & ECK, LLP
625 Broadway, Suite 1000
San Diego, CA 92101
Telephone:      (619) 342-8000
Facsimile:      (619) 342-7878
ambere@zhlaw.com

*Counsel for Plaintiff*

27

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES ACT OF 1933

Exhibit 1
35

PACIFIC COAST OIL TRUST (NYSE: ROYT)

CERTIFICATION OF NAMED PLAINTIFF
PURSUANT TO FEDERAL SECURITIES LAWS

Thomas Welch  ("Plaintiff") declares:

1.    Plaintiff has reviewed a complaint filed and adopts its allegations.

2.    Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff has made the following transactions during the Class Period in the securities that are the subject of this action:

See Schedule A

5.    Plaintiff has not sought to serve or served as a representative party in a class action that was filed under the federal securities laws within the three-year period prior to the date of this Certification except as detailed below:

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ___12___ day of ___June_____, 2014.

_____
THOMAS WELCH

Exhibit 1
36

# THOMAS WELCH

## SCHEDULE A

| Trade Date | Action (Buy/Sell) | Quantity | Price Per Share | Total Cost |
|---|---|---|---|---|
| 6/19/2013 | Buy | 200 | 18.278 | 3,662.45 |
| 7/11/2013 | Buy | 200 | 18.18 | 3,635.90 |
| 7/12/2013 | Buy | 100 | 16.78 | 1,678.08 |
| 7/18/2013 | Buy | 100 | 16.88 | 1,688.00 |
| 10/2/2013 | Buy | 100 | 15.70 | 1,569.55 |
| 10/9/2013 | Buy | 100 | 15.33 | 1,533.00 |
| 11/6/2013 | Buy | 100 | 14.64 | 1,464.01 |
| 11/6/2013 | Buy | 100 | 15.05 | 1,505.00 |
| 11/12/2013 | Buy | 100 | 14.32 | 1,432.00 |
| 11/12/2013 | Buy | 100 | 14.54 | 1,453.99 |
| 11/13/2013 | Buy | 100 | 14.15 | 1,414.99 |
| 11/14/2013 | Buy | 100 | 13.72 | 1,372.08 |
| 11/14/2013 | Buy | 100 | 13.85 | 1,385.00 |
| 12/12/2013 | Buy | 100 | 13.51 | 1,357.95 |
| 12/13/2013 | Buy | 100 | 13.16 | 1,322.94 |
| 12/13/2013 | Buy | 100 | 13.28 | 1,334.95 |
| 10/2/2013 | Buy | 100 | 15.91 | 1,591.60 |
| 10/1/2013 | Buy | 100 | 16.36 | 1,635.61 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Pacific Coast Oil Trust (NYSE: ROYT)                                       1

Exhibit 1
37

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ─ Walter W. Noss (277580)<br>Scott+Scott, Attorneys at Law, LLP<br>4771 Cromwell Avenue<br>Los Angeles, CA 90027 | **FILED**<br>Superior Court of California<br>County of Los Angeles |

TELEPHONE NO.: 213-985-1274   FAX NO.: 213-985-1278

ATTORNEY FOR *(Name):* Plaintiff Thomas Welch

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk Central District

JUL 01 2014

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy

Shaunya Bolden

CASE NAME:
Welch v. Pacific Coast Oil Trust, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC 5 5 0 4 1 8**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [✓] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*  3, alleged violations of §§ 11, 12(a)(2), and 15 of the Securities Act of 1933
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 1, 2014

Walter W. Noss
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

Exhibit 1
38

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best describes the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
    or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit 1
39

ORIGINAL

| SHORT TITLE | Welch v. Pacific Coast Oil Trust, et al. | CASE NUMBER | BC 5 5 0 4 1 8 |
|---|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL ☐ HOURS/ ☐ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

**BY FAX**

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4<br>1., 3<br>1., 4 |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

Exhibit 1
40

| SHORT TITLE Welch v. Pacific Coast Oil Trust, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5<br>2., 5<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2 , 5., 6<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1 , 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3 , 5.<br>1., 2., 3 , 5.<br>1., 2., 3 , 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2 , 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2 , 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

Exhibit 1<br>41

| SHORT TITLE  Welch v. Pacific Coast Oil Trust, et al. | CASE NUMBER |
|---|---|

| | A  Civil Case Cover Sheet Category No. | B  Type of Action  (Check only one) | C  Applicable Reasons -  See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8 |
| | Securities Litigation (28) | ☑ A6035  Securities Litigation Case | 1., 2., 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8<br>1., 2., 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit 1
42

| SHORT TITLE: Welch v. Pacific Coast Oil Trust, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☑1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☑8. ☐9. ☐10. | ADDRESS: PACIFIC COAST ENERGY COMPANY LP 515 South Flower Street, Suite 4800 |
|---|---|
| CITY Los Angeles | STATE CA | ZIP CODE 90071 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Los Angeles _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq , and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 7/1/2014 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2 0
Page 4 of 4

Exhibit 1
43

**Exhibit 2**

ORIGINAL

| Attorney or Party without Attorney:<br>Walter W. Noss, Esq., Bar #277580<br>Scott + Scott LLP<br>4771 Cromwell Avenue<br>Los Angeles, CA 90027<br>Telephone No: 213-985-1274      FAX No: 213-985-1278 | For Court Use Only<br>**FILED**<br>Superior Court of California<br>County of Los Angeles |
|---|---|
| *Attorney for:* Plaintiff  |  Ref. No. or File No.: | **JUL 1 7 2014** |

Insert name of Court, and Judicial District and Branch Court:
Los Angeles County Superior Court

*Plaintiff:* Thomas Welch, et al.

*Defendant:* Pacific Coast Oil Trust, et al.

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Kandece Bennett

| PROOF OF SERVICE<br>Summons; Complaint | Hearing Date: | Time: | Dept/Div:<br>307 | Case Number:<br>BC550418 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3. a. *Party served:* **UBS Securities, LLC**
   b. *Person served:* **Roxie Taylor, Person Authorized** to Accept Service

BY FAX

4. *Address where the party was served:* Corporation Service Company
   2710 Gateway Oaks Drive
   Suite 150N
   Sacramento, CA 95833

5. *I served the party:*
   a. by **personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Jul. 09, 2014 (2) at: 2:40PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:* UBS Securities, LLC
   *Other:* Limited Liability Company

7. *Person Who Served Papers:*                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Robert J. Mason                    d. *The Fee for Service was:*
   b. **Class Action Research & Litigation**     e. I am: (3) registered California process server
      P O Box 740                           (i)  Independent Contractor
      Penryn, CA 95663                      (ii) *Registration No.:*  03-007
   c. (916) 663-2562, FAX (916) 663-4955     (iii) *County:*           Placer

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:* Fri, Jul. 11, 2014

   _____
   (Robert J. Mason)

Judicial Council Form POS-010          PROOF OF SERVICE
Rule 2.150.(a)&(b) Rev January 1, 2007     Summons; Complaint                                    womos 143665

Exhibit 2
44

ORIGINAL

| Attorney or Party without Attorney:<br>Walter W. Noss, Esq., Bar #277580<br>Scott + Scott LLP<br>4771 Cromwell Avenue<br>Los Angeles, CA 90027<br>Telephone No: 213-985-1274     FAX No: 213-985-1278 | For Court Use Only<br>FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 1 7 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Kandece Bennett |
|---|---|

| Attorney for: Plaintiff | Ref. No. or File No.: |
|---|---|

| Insert name of Court, and Judicial District and Branch Court:<br>Los Angeles County Superior Court |
|---|
| Plaintiff: Thomas Welch, et al. |
| Defendant: Pacific Coast Oil Trust, et al. |

| PROOF OF SERVICE<br>Summons; Complaint | Hearing Date: | Time: | Dept/Div:<br>307 | Case Number:<br>BC550418 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3. a. Party served:          Wells Fargo Securities, LLC
   b. Person served:        Roxie Taylor, Person Authorized to Accept Service

4. Address where the party was served:    Corporation Service Company
                                          2710 Gateway Oaks Drive
                                          Suite 150N
                                          Sacramento, CA 95833

BY FAX

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Jul. 09, 2014 (2) at: 2:40PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  Wells Fargo Securities, LLC
   Other:  Limited Liability Company

7. Person Who Served Papers:
   a. Robert J. Mason
   b. Class Action Research & Litigation
      P O Box 740
      Penryn, CA 95663
   c. (916) 663-2562, FAX (916) 663-4955

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d.  The Fee for Service was:
   e.  I am: (3) registered California process server
          (i)  Independent Contractor
          (ii)  Registration No.:     03-007
          (iii)  County:               Placer

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Fri, Jul. 11, 2014

                                                    _____
                                                    (Robert J. Mason)

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
Summons; Complaint

wanos: 143666

Exhibit 2
45

ORIGINAL

| Attorney or Party without Attorney:<br>Walter W. Noss, Esq., Bar #277580<br>Scott + Scott LLP<br>4771 Cromwell Avenue<br>Los Angeles, CA 90027<br>Telephone No: 213-985-1274   FAX No: 213-985-1278 | For Court Use Only<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 1 7 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Kandece Bennett |
|---|---|

| Attorney for: Plaintiff | Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:
Los Angeles County Superior Court

Plaintiff: Thomas Welch, et al.
Defendant: Pacific Coast Oil Trust, et al.

| PROOF OF SERVICE<br>Summons; Complaint | Hearing Date: | Time: | Dept/Div.<br>307 | Case Number:<br>BC550418 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

**3. a.** *Party served:* RBC Capital Markets, LLC
**b.** *Person served:* Roxie Taylor, Person Authorized to Accept Service

**4.** *Address where the party was served:* Corporation Service Company
2710 Gateway Oaks Drive
Suite 150N
Sacramento, CA 95833

BY FAX

**5.** *I served the party:*
a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Jul. 09, 2014 (2) at: 2:40PM

**6.** *The "Notice to the Person Served" (on the Summons) was completed as follows:*
on behalf of: RBC Capital Markets, LLC
*Other:* Limited Liability Company

**7.** *Person Who Served Papers:*
a. Robert J. Mason
**b. Class Action Research & Litigation**
   P O Box 740
   Penryn, CA 95663
c. (916) 663-2562, FAX (916) 663-4955

Recoverable Cost Per CCP 1033.5(a)(4)(B)
**d.** *The Fee for Service was:*
**e.** I am: (3) registered California process server
   (i)   Independent Contractor
   (ii)  *Registration No.:*   03-007
   (iii) *County:*   Placer

**8.** *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: *Fri, Jul. 11, 2014*

_____
(Robert J. Mason)

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
Summons; Complaint

wanos.143667

Exhibit 2
46

ORIGINAL

FILED

| Attorney or Party without Attorney:<br>Walter W. Noss, Esq., Bar #277580<br>Scott + Scott LLP<br>4771 Cromwell Avenue<br>Los Angeles, CA 90027<br>Telephone No: 213-985-1274    FAX No: 213-985-1278 | Superior Court of California<br>County of Los Angeles<br><br>JUL 1 7 2014<br><br>Sherri R. Carter, Executive Officer/Clerk |
|---|---|
| Ref. No. or File No.: | By_____, Deputy<br>Kandece Bennett |

| Attorney for: Plaintiff | |
|---|---|
| Insert name of Court, and Judicial District and Branch Court:<br>Los Angeles County Superior Court | |
| Plaintiff: Thomas Welch, et al. | |
| Defendant: Pacific Coast Oil Trust, et al. | |

| PROOF OF SERVICE<br>Summons; Complaint | Hearing Date: | Time: | Dept/Div:<br>307 | Case Number:<br>BC550418 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3. a. Party served:  Robert W. Baird & Co., Incorporated
   b. Person served:  Roxie Taylor, Person Authorized to Accept Service

4. Address where the party was served:  Corporation Service Company
   2710 Gateway Oaks Drive
   Suite 150N
   Sacramento, CA 95833

BY FAX

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Jul. 09, 2014 (2) at: 2:40PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  Robert W. Baird & Co., Incorporated
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Robert J. Mason                          d. The Fee for Service was:
   b. Class Action Research & Litigation       e. I am: (3) registered California process server
      P O Box 740                                      (i)   Independent Contractor
      Penryn, CA 95663                                 (ii)  Registration No.:    03-007
   c. (916) 663-2562, FAX (916) 663-4955              (iii) County:             Placer

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Fri, Jul. 11, 2014

                                                                                (Robert J. Mason)

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>Summons; Complaint | | w.noss 143668 |
|---|---|---|---|

Exhibit 2<br>47

ORIGINAL

| Attorney or Party without Attorney:<br>Walter W. Noss, Esq., Bar #277580<br>Scott + Scott LLP<br>4771 Cromwell Avenue<br>Los Angeles, CA 90027<br>*Telephone No:* 213-985-1274    *FAX No:* 213-985-1278 | | | | For Court Use Only |
|---|---|---|---|---|
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | | FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 1 7 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>Deputy<br>Kandece Bennett |
| *Insert name of Court, and Judicial District and Branch Court:*<br>Los Angeles County Superior Court | | | | |
| *Plaintiff:* Thomas Welch, et al.<br>*Defendant:* Pacific Coast Oil Trust, et al. | | | | |
| **PROOF OF SERVICE**<br>**Summons; Complaint** | *Hearing Date:* | *Time:* | *Dept/Div:*<br>307 | *Case Number:*<br>BC550418 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3. *a. Party served:* Oppenheimer & Co., Inc.
   *b. Person served:* Roxie Taylor, Person Authorized to Accept Service

4. *Address where the party was served:* Corporation Service Company
   2710 Gateway Oaks Drive
   Suite 150N
   Sacramento, CA 95833

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Jul. 09, 2014 (2) at: 2:40PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: Oppenheimer & Co., Inc.
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Robert J. Mason                          d.  *The Fee for Service was:*
   b. **Class Action Research & Litigation**   e.  I am: (3) registered California process server
   P O Box 740                                       *(i)*   Independent Contractor
   Penryn, CA 95663                                  *(ii)   Registration No.:*    03-007
   c. (916) 663-2562, FAX (916) 663-4955             *(iii)  County:*              Placer

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   *Date:* Fri, Jul. 11, 2014

   (Robert J. Mason)

Judicial Council Form POS-010          PROOF OF SERVICE          wanos: 143669
Rule 2.150.(a)&(b) Rev January 1, 2007  Summons; Complaint

Exhibit 2
48

ORIGINAL

| Attorney or Party without Attorney: Walter W. Noss, Esq., Bar #277580 Scott + Scott LLP 4771 Cromwell Avenue Los Angeles, CA 90027 Telephone No: 213-985-1274   FAX No: 213-985-1278 | For Court Use Only |
|---|---|
| Ref. No. or File No.: | **FILED** Superior Court of California County of Los Angeles |
| Attorney for: Plaintiff | **JUL 1 7 2014** |
| Insert name of Court, and Judicial District and Branch Court: Los Angeles County Superior Court | |
| Plaintiff: Thomas Welch, et al. Defendant: Pacific Coast Oil Trust, et al. | Sherri R. Carter, Executive Officer/Clerk By _____ Deputy Karel Bennett |
| **AFFIDAVIT OF SERVICE Summons; Complaint** | Hearing Date: | Time: | Dept/Div: 307 | Case Number: BC550418 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3. a. Party served:  Pacific Coast Oil Trust
   b. Person served:  Sarah Newell, Agent for Service of Process

BY FAX

4. Address where the party was served:  919 Congress Avenue
   Suite 500
   Austin, TX 78701

5. I served the party:
   a. **by personal service.** i personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jul. 10, 2014 (2) at: 11:49AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  Pacific Coast Oil Trust
   Other:  Trust

7. Person Who Served Papers:
   a. Barbara Stinnett
   b. **Class Action Research & Litigation**
   P O Box 740
   Penryn, CA 95663
   c. (916) 663-2562, FAX (916) 663-4955

   Fee for Service:
   I Declare under penalty of perjury under the laws of the State of TEXAS that the foregoing is true and correct.

   07/15/14 _____     _____
   (Date)                                        (Signature)

8. **STATE OF TEXAS, COUNTY OF** _Travis_
   Subscribed and sworn to (or affirmed) before me on this _15_ day of _July_ , _____ by Barbara Stinnett

   proved to me on the basis of satisfactory evidence to be the person who appeared before me.

   MICHAEL STINNETT
   MY COMMISSION EXPIRES
   April 28, 2016

   AFFIDAVIT OF SERVICE
   Summons; Complaint
   (Notary Signature)
   w.enos.143676

Exhibit 2
49

ORIGINAL

| *Attorney or Party without Attorney:* | | | | *For Court Use Only* |
|---|---|---|---|---|
| Walter W. Noss, Esq., Bar #277580 | | | | |

Walter W. Noss, Esq., Bar #277580
Scott + Scott LLP
4771 Cromwell Avenue
Los Angeles, CA  90027
*Telephone No:* 213-985-1274          *FAX No:* 213-985-1278

*Ref. No. or File No.:*

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
Los Angeles County Superior Court

*Plaintiff:* Thomas Welch, et al.
*Defendant:* Pacific Coast Oil Trust, et al.

**FILED**
Superior Court of California
County of Los Angeles

**JUL 1 7 2014**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Kristine Bennett

| **PROOF OF SERVICE** **Summons; Complaint** | *Hearing Date:* | *Time:* | *Dept/Div:* 307 | *Case Number:* BC550418 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3. *a. Party served:*            Pacific Coast Energy Company LP
   *b. Person served:*          Jan Lapinid, Person Authorized to Accept Service.

BY FAX

4. *Address where the party was served:*     C T Corporation
                                             818 W. 7th Street
                                             Los Angeles, CA  90017

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jul. 10, 2014 (2) at: 2:00PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:*  Pacific Coast Energy Company LP
   Under CCP 416.40 (association or partnership)

7. *Person Who Served Papers:*                                    Recoverable Cost Per CCP 1033 5(a)(4)(B)
   a. Richard Gari
   b. **Class Action Research & Litigation**              d. *The Fee for Service was:*
      P O Box 740                                         e. I am: (3) registered California process server
      Penryn, CA  95663                                      *(i)*  Independent Contractor
   c. (916) 663-2562, FAX (916) 663-4955                     *(ii)  Registration No.:*   4047
                                                            *(iii) County:*           Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Fri, Jul. 11, 2014

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
Summons; Complaint

(Richard Gari)

wnnoss.143677

Exhibit 2
50

ORIGINAL

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| Walter W. Noss, Esq., Bar #277580<br>Scott + Scott LLP<br>4771 Cromwell Avenue<br>Los Angeles, CA  90027<br>Telephone No: 213-985-1274        FAX No: 213-985-1278 | | FILED<br>Superior Court of California<br>County of Los Angeles<br>JUL 1 7 2014<br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Kandece Bennett |

Ref. No. or File No.:

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:
Los Angeles County Superior Court

Plaintiff: Thomas Welch, et al.

Defendant: Pacific Coast Oil Trust, et al.

| PROOF OF SERVICE<br>Summons; Complaint | Hearing Date: | Time: | Dept/Div:<br>307 | Case Number:<br>BC550418 |
|---|---|---|---|---|

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3.  a. Party served:         PCEC (GP), LLC
    b. Person served:      Jan Lapinid, Person Authorized to Accept Service.

4.  Address where the party was served:        C T Corporation
                                                                818 W. 7th Street
                                                                Los Angeles, CA  90017

BY FAX

5.  I served the party:
    a. by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jul. 10, 2014 (2) at: 2:00PM

6.  The "Notice to the Person Served" (on the Summons) was completed as follows:
    on behalf of:  PCEC (GP), LLC
    Other:   Limited Liability Company

7.  Person Who Served Papers:                                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Richard Gari
    b. Class Action Research & Litigation          d.  The Fee for Service was:
        P O Box 740                                            e.  I am: (3)  registered California process server
        Penryn, CA  95663                                          (i)    Independent Contractor
    c. (916) 663-2562, FAX (916) 663-4955                      (ii)   Registration No.:       4047
                                                                            (iii)  County:               Los Angeles

8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Date: Fri, Jul. 11, 2014

Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007        PROOF OF SERVICE
                                                                        Summons; Complaint                          (Richard Gari)                    w.anos 143678

Exhibit 2
51

ORIGINAL

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| Walter W. Noss, Esq., Bar #277580<br>Scott + Scott LLP<br>4771 Cromwell Avenue<br>Los Angeles, CA  90027<br>Telephone No: 213-985-1274          FAX No: 213-985-1278 | | FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 1 7 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Caudere Bennett |
| Ref. No. or File No.: | | |
| Attorney for: Plaintiff | | |

Insert name of Court, and Judicial District and Branch Court:
Los Angeles County Superior Court

Plaintiff: Thomas Welch, et al.

Defendant: Pacific Coast Oil Trust, et al.

| PROOF OF SERVICE<br>Summons; Complaint | Hearing Date: | Time: | Dept/Div:<br>307 | Case Number:<br>BC550918 |
|---|---|---|---|---|

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3.  a. Party served:                                      Pacific Coast Energy Holdings, LLC
    b. Person served:                                    Jan Lapinid, Person Authorized to Accept Service.

4.  Address where the party was served:        C T Corporation
                                                                818 W. 7th Street
                                                                Los Angeles, CA  90017

5.  I served the party:
    a. by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jul. 10, 2014 (2) at: 2:00PM

6.  The "Notice to the Person Served" (on the Summons) was completed as follows:
    on behalf of:  Pacific Coast Energy Holdings, LLC
    Other:  Limited Liability Company

7.  Person Who Served Papers:                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Richard  Gari
    b. Class Action Research & Litigation            d.  The Fee for Service was:
       P O Box 740                                          e.  I am: (3)  registered California process server
       Penryn, CA  95663                                      (i)     Independent Contractor
    c. (916) 663-2562, FAX (916) 663-4955                    (ii)    Registration No.:        4047
                                                             (iii)   County:                  Los Angeles

8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Date: Fri, Jul. 11, 2014

Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE<br>Summons; Complaint

(Richard  Gari)

wainss.143670

Exhibit 2<br>52

ORIGINAL

| Attorney or Party without Attorney: | | | For Court Use Only |
|---|---|---|---|
| Walter W. Noss, Esq., Bar #277580 <br> Scott + Scott LLP <br> 4771 Cromwell Avenue <br> Los Angeles, CA  90027 <br> *Telephone No:* 213-985-1274      *FAX No:* 213-985-1278 | | | FILED <br> Superior Court of California <br> County of Los Angeles <br><br> JUL 1 7 2014 <br><br> Sherri R. Carter, Executive Officer/Clerk <br> By_____ Deputy <br> Kansece Bennett |
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | |
| *Insert name of Court, and Judicial District and Branch Court:* <br> Los Angeles County Superior Court | | | |
| *Plaintiff:* Thomas Welch, et al. | | | |
| *Defendant:* Pacific Coast Oil Trust, et al. | | | |

| PROOF OF SERVICE <br> Summons; Complaint | *Hearing Date:* | *Time:* | *Dept/Div* <br> 307 | *Case Number:* <br> BC550418 |
|---|---|---|---|---|

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3.  *a. Party served:*
    *b. Person served:*

    Barclays Capital, Inc.
    Jan Lapinid, Person Authorized to Accept Service.

    BY FAX

*4.  Address where the party was served:*

    C T Corporation
    818 W. 7th Street
    Los Angeles, CA  90017

5.  *I served the party:*
    a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jul. 10, 2014 (2) at: 2:00PM

6  *The "Notice to the Person Served" (on the Summons) was completed as follows:*
    *on behalf of:*  Barclays Capital, Inc.
    Under CCP 416.10 (corporation)

7.  *Person Who Served Papers:*                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Richard  Gari                          d.  *The Fee for Service was:*
    b. **Class Action Research & Litigation**   e.  I am: (3) registered California process server
       P O Box 740                                *(i)*   Independent Contractor
       Penryn, CA  95663                          *(ii)   Registration No.:*   4047
    c. (916) 663-2562, FAX (916) 663-4955         *(iii)  County:*           Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date: Fri, Jul. 11, 2014

Judicial Council Form POS-010 <br> Rule 2.150,(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
Summons; Complaint                                          (Richard  Gari)                    *wamos.143680*

Exhibit 2 <br> 53

ORIGINAL

| Attorney or Party without Attorney: Walter W. Noss, Esq., Bar #277580<br>Scott + Scott LLP<br>4771 Cromwell Avenue<br>Los Angeles, CA 90027<br>Telephone No.: 213-985-1274     FAX No.: 213-985-1278<br>Attorney for: Plaintiff | For Court Use Only |
|---|---|

Ref No. or File No.:

**FILED**
Superior Court of California
County of Los Angeles

JUL 17 2014

Sherri R. Carter, Executive Officer/Clerk

Insert name of Court, and Judicial District and Branch Court
Los Angeles County Superior Court

Plaintiff: Thomas Welch, et al.
Defendant: Pacific Coast Oil Trust, et al.

| **PROOF OF SERVICE**<br>**Summons; Complaint** | Hearing Date: | Time: | Dept/Div.: 307 | Case Number: BC550418 Kl. Francesca Bennett  Deputy |
|---|---|---|---|---|

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3.  a. Party served:  Citigroup Global Markets Inc.
    b. Person served:  Jan Lapinid, Person Authorized to Accept Service.

4.  Address where the party was served:  CT Corporation System
    818 West Seventh Street
    Los Angeles, CA 90017

5.  I served the party:
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jul. 10, 2014 (2) at: 2:00PM

6.  The "Notice to the Person Served" (on the Summons) was completed as follows:
    on behalf of: Citigroup Global Markets Inc.
    Under CCP 416.10 (corporation)

7.  **Person Who Served Papers:**                                     Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Richard Gari                                                    d.  **The Fee for Service was:**
    b. **Class Action Research & Litigation**                         e.  I am: (3) registered California process server
       P O Box 740                                                        (i)   Independent Contractor
       Penryn, CA 95663                                                    (ii)  Registration No.:     4047
    c. (916) 663-2562, FAX (916) 663-4955                                  (iii) County:              Los Angeles

8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Date: Fri, Jul. 11, 2014

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF SERVICE**<br>**Summons; Complaint** | (Richard Gari)     trans: 143681 |
|---|---|---|

Exhibit 2
54

ORIGINAL

| Attorney or Party without Attorney:<br>Walter W. Noss, Esq., Bar #277580<br>Scott + Scott LLP<br>4771 Cromwell Avenue<br>Los Angeles, CA  90027<br>Telephone No: 213-985-1274          FAX No: 213-985-1278 | For Court Use Only<br>FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 1 7 2014<br><br>Sherr R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Kandece Bennett |
|---|---|

Attorney for: Plaintiff

Ref No. or File No.:

Insert name of Court, and Judicial District and Branch Court:
Los Angeles County Superior Court

Plaintiff: Thomas Welch, et al.
Defendant: Pacific Coast Oil Trust, et al.

| PROOF OF SERVICE<br>Summons; Complaint | Hearing Date: | Time: | Dept/Div:<br>307 | Case Number:<br>BC550418 |
|---|---|---|---|---|

1.  At the time of service I was at least 18 years of age and not a party to this action

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3.  a. *Party served:*          Merrill Lynch Pierce Fenner & Smith Incorporated
    b. *Person served:*         Jan Lapinid, Person Authorized to Accept Service.

BY FAX

4.  *Address where the party was served:*     C T Corporation
                                              818 W. 7th Street
                                              Los Angeles, CA  90017

5.  *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jul. 10, 2014 (2) at: 2:00PM

6.  *The "Notice to the Person Served" (on the Summons) was completed as follows:*
    *on behalf of:* Merrill Lynch Pierce Fenner & Smith Incorporated
    Under CCP 416.10 (corporation)

7.  *Person Who Served Papers:*                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Richard Gari                         d.  *The Fee for Service was:*
    b. **Class Action Research & Litigation**   e.  I am: (3) registered California process server
       P O Box 740                                  *(i)*    Independent Contractor
       Penryn, CA  95663                            *(ii)*   *Registration No.:*      4047
    c. (916) 663-2562, FAX (916) 663-4955           *(iii)*  *County:*        Los Angeles

8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Date: Fri. Jul. 11, 2014

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>Summons; Complaint | _____<br>(Richard Gari)                    banos.143682 |
|---|---|---|

Exhibit 2
55

ORIGINAL

*Attorney or Party without Attorney:*
Walter W. Noss, Esq., Bar #277580
Scott + Scott LLP
4771 Cromwell Avenue
Los Angeles, CA 90027
*Telephone No:* 213-985-1274   *FAX No:* 213-985-1278

*Ref. No. or File No.:*

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
Los Angeles County Superior Court

*Plaintiff:* Thomas Welch, et al.
*Defendant:* Pacific Coast Oil Trust, et al.

**For Court Use Only**

FILED
Superior Court of California
County of Los Angeles

JUL 1 7 2014

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Kandece Bennett

| PROOF OF SERVICE Summons; Complaint | *Hearing Date:* | *Time:* | *Dept/Div:* 307 | *Case Number:* BC550418 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3. a. *Party served:*   J.P. Morgan Securities LLC
   b. *Person served:*   Jan Lapinid, Person Authorized to Accept Service.

4. *Address where the party was served:*   C T Corporation
   818 W. 7th Street
   Los Angeles, CA 90017

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jul. 10, 2014 (2) at: 2:00PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   on behalf of: J.P. Morgan Securities LLC
   *Other:*   Limited Liability Company

7. *Person Who Served Papers:*          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Richard Gari
   b. **Class Action Research & Litigation**     d. *The Fee for Service was:*
      P O Box 740                      e. I am: (3) registered California process server
      Penryn, CA 95663                    (i)  Independent Contractor
   c. (916) 663-2562, FAX (916) 663-4955        (ii)  *Registration No.:*   4047
                                (iii)  *County:*        Los Angeles

BY FAX

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:* Fri, Jul. 11, 2014

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
Summons; Complaint                    (Richard Gari)

                                uranos.143683

Exhibit 2
56

ORIGINAL

| Attorney or Party without Attorney | | | For Court Use Only |
|---|---|---|---|
| Walter W. Noss, Esq., Bar #277580<br>Scott + Scott LLP<br>4771 Cromwell Avenue<br>Los Angeles, CA 90027<br>Telephone No. 213-985-1274   FAX No. 213-985-1278 | | | FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 17 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Karidee Bennett |
| Ref. No. or File No. | | | |
| Attorney for: Plaintiff | | | |
| Insert name of Court, and Judicial District and Branch Court: | | | |
| Los Angeles County Superior Court | | | |
| Plaintiff: Thomas Welch, et al. | | | |
| Defendant: Pacific Coast Oil Trust, et al. | | | |

| PROOF OF SERVICE<br>Summons; Complaint | Hearing Date: | Time: | Dept/Div:<br>307 | Case Number:<br>BC550418 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3. *a. Party served:*      Stifel, Nicolaus & Company Incorporated
   *b. Person served:*      Jan Lapinid, Person Authorized to Accept Service.

4. *Address where the party was served:*      C T Corporation
                                              818 W. 7th Street
                                              Los Angeles, CA 90017

BY FAX

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jul. 10, 2014 (2) at: 2:00PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of   Stifel, Nicolaus & Company Incorporated
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                         Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Richard Gari
   b. **Class Action Research & Litigation**      d. *The Fee for Service was:*
      P O Box 740                                  e. I am: (3) registered California process server
      Penryn, CA 95663                                *(i)* Independent Contractor
   c. (916) 663-2562, FAX (916) 663-4955            *(ii) Registration No.:*      4047
                                                     *(iii) County:*              Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Fri, Jul. 11, 2014

PROOF OF SERVICE
Summons; Complaint

(Richard Gari)

sennos 143684

Exhibit 2
57

ORIGINAL

| Attorney or Party without Attorney:<br>Walter W. Noss, Esq., Bar #277580<br>Scott + Scott LLP<br>4771 Cromwell Avenue<br>Los Angeles, CA  90027<br>Telephone No: 213-985-1274        FAX No: 213-985-1278<br>Attorney for: Plaintiff | For Court Use Only<br>FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 17 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Kandece Bennett |
|---|---|

| Ref. No. or File No.: |
|---|

Insert name of Court, and Judicial District and Branch Court:
Los Angeles County Superior Court

Plaintiff: Thomas Welch, et al.

Defendant: Pacific Coast Oil Trust, et al.

| PROOF OF SERVICE<br>Summons; Complaint | Hearing Date: | Time: | Dept/Div:<br>307 | Case Number:<br>BC550418 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; ADR Information Packet; Voluntary Efficient Litigation Stipulations

3. a. Party served:              Janney Montgomery Scott LLC
   b. Person served:            Jan Lapinid, Person Authorized to Accept Service.

4. Address where the party was served:    C T Corporation
                                          818 W. 7th Street
                                          Los Angeles, CA  90017

5. I served the party:
   a. by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jul. 10, 2014 (2) at: 2:00PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  Janney Montgomery Scott LLC
   Other:   Limited Liability Company

7. Person Who Served Papers:                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Richard  Gari                         d.  The Fee for Service was:
   b. Class Action Research & Litigation    e.  I am: (3) registered California process server
      P O Box 740                               (i)   Independent Contractor
      Penryn, CA  95663                         (ii)  Registration No.:      4047
   c. (916) 663-2562, FAX (916) 663-4955        (iii) County:              Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Fri, Jul. 11, 2014

Judicial Council Form POS-010                    PROOF OF SERVICE                    (Richard  Gari)
Rule 2.150.(a)&(b) Rev January 1, 2007           Summons; Complaint                                    frares.143685

BY FAX

Exhibit 2
58

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/23/14

DEPT. 307

HONORABLE WILLIAM F. HIGHBERGER  JUDGE

E. SABALBURO  DEPUTY CLERK

ELECTRONIC RECORDING MONIT·

HONORABLE  JUDGE PRO TEM
ADD-ON

R. SANCHEZ, C.A.  Deputy Sheriff

NONE  Reporter

8:30 am  BC550418

THOMAS WELCH
VS
PACIFIC COAST OIL TRUST ET AL

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
October 7, 2014 at 9:00 a.m. in this department.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of·

Page  1 of  3   DEPT. 307

MINUTES ENTERED
07/23/14
COUNTY CLERK

Exhibit 2
59

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 07/23/14 | **DEPT.** 307 |
| HONORABLE WILLIAM F. HIGHBERGER   JUDGE | E. SABALBURO   DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | ELECTRONIC RECORDING MONIT |
| ADD-ON | |
| R. SANCHEZ, C.A.   Deputy Sheriff | NONE   Reporter |

| | | |
|---|---|---|
| 8:30 am | BC550418 | Plaintiff Counsel |
| | THOMAS WELCH VS PACIFIC COAST OIL TRUST ET AL | Defendant Counsel |
| | | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://courtnet/internet/civil/UI/ToolsForLitigators2.aspx

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven days of service.

#### CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the minute order and Initial Status Conference Order upon each party or counsel named below by placing

Page   2 of   3   DEPT. 307

```
MINUTES ENTERED
07/23/14
COUNTY CLERK
```

Exhibit 2
60

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 07/23/14 | | **DEPT.** 307 |
| HONORABLE WILLIAM F. HIGHBERGER          JUDGE | E. SABALBURO | DEPUTY CLERK |
| HONORABLE                    JUDGE PRO TEM
ADD-ON | | ELECTRONIC RECORDING MONIT |
|          R. SANCHEZ, C.A.      Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC550418 | Plaintiff
Counsel |
| | THOMAS WELCH
VS
PACIFIC COAST OIL TRUST ET AL | Defendant
Counsel |
| | | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


Dated: July 23, 2014

Sherri R. Carter, Executive Officer/Clerk

By: _____
              E. Sabalburo



Walter W. Noss
4771 Cromwell Avenue
Los Angeles, CA 90027


Page   3 of  3   DEPT. 307

1
2
3
4
5
6

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 23 2014

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK

BY ELMER SABALBURO, DEPUTY

7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

COUNTY OF LOS ANGELES

9

CENTRAL DISTRICT

10

THOMAS WELCH,

11

       Plaintiff(s),

12

   vs.

13

14

PACIFIC COAST OIL TRUST, et al.,

15

       Defendant(s).

16

17

Case No.: BC550418

INITIAL STATUS CONFERENCE ORDER
(COMPLEX LITIGATION PROGRAM)

Case Assigned for All Purposes to
Judge William F. Highberger

Department: 307
Date:     October 7, 2014
Time:     9:00 a.m.

18

19

     This case has been assigned for all purposes to Judge William F. Highberger in the

20

Complex Litigation Program. An Initial Status Conference is set for October 7, 2014 at 9:00 a.m.

21

in Department 307 located in the Central Civil West Courthouse at 600 South Commonwealth

22

Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to attend.

23

     The court orders counsel to prepare for the Initial Status Conference by identifying and

24

discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to

25

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

26

agree, as much as possible, on a case management plan. To this end, counsel must file a Joint

27

Initial Status Conference Class Action Response Statement five court days before the Initial Status

28

Exhibit 2
62

Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the use the Judicial Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:**  Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added.  Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

**3. IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain.  No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

Exhibit 2
63

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1]. Counsel are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9. CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4[th] 554, 561).  Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

---

[1]See Code Civ. Proc. § 437c, subd. (s)

Exhibit 2
64

**10.  PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11.  DISCOVERY:**  Please discuss a discovery plan.  If the parties cannot agree on a plan, summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[2].

**12.  INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program

---

[2] See California Rule of Court, Rule 3.768.

-4-

Exhibit 2
65

requires the parties in every new case to use a third-party cloud service, such as:

- Case Anywhere (www.caseanywhere.com),

- Case HomePage (www.casehomepage.com), or

- File & Serve Express (www.lexisnexis.com/fileandserve).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement**– Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App.4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court;

---

[3] California Rule of Court, Rule 3.770(a)

-5-

Exhibit 2
66

1    however, any defendant may file a Notice of Appearance for purposes of identification of counsel

2    and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to

3    any challenge to the jurisdiction of the Court, substantive or procedural challenges to the

4    Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any

5    cross-complaint in this action. This stay is issued to assist the Court and the parties in managing

6    this "complex" case through the development of an orderly schedule for briefing and hearings on

7    procedural and substantive challenges to the complaint and other issues that may assist in the

8    orderly management of these cases.  This stay does not preclude the parties from informally

9    exchanging documents that may assist in their initial evaluation of the issues presented in this

10    case, however it stays all outstanding discovery requests.

11       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along

12    with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class

13    Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within

14    five (5) days of service of this order. If any defendant has not been served in this action, service is

15    to be completed within twenty (20) days of the date of this order.

16

17

18       If all parties have been served, have conducted the required meet and confer, and are ready

19    to fully participate in the status conference prior to the assigned date, counsel may contact the

20    clerk of Dept 307 and request an earlier date for the Initial Status Conference.

21

22

23    Dated:    7/23/14

24

25

26                     Judge William F. Highberger

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, CA 90071-1560.

On **August 6, 2014**, I served the following document described as:

### NOTICE OF REMOVAL OF ACTION

by serving a true copy of the above-described document in the following manner:

### BY HAND DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server. Under that practice, documents are deposited to the Latham & Watkins LLP personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that same day in the ordinary course of business. I caused a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.

| | |
|---|---|
| Walter W. Noss | Eric Waxman |
| John T. Jasnoch | Peter Morrison |
| Scott & Scott LLP | Jeffrey Steinfeld |
| 4771 Cromwell Avenue | Skadden, Arps, Slate, Meagher & |
| Los Angeles, CA 90027 | Flom |
| | 300 S. Grand Avenue, Ste. 4300 |
| | Los Angeles, CA 90071 |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 6, 2014**, at Los Angeles, California.

Colleen M. Rico